UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| REBECCA LYNN SHELTON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:18-cv-00093 |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

# ORDER

In this social security appeal, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 26) recommending that the Court deny Rebecca Lynn Shelton's Motion for Judgment on the Administrative Record (Doc. No. 19) and affirm the Social Security Administration's ("Commissioner") decision denying benefits. Shelton filed objections to the R&R (Doc. No. 27), to which the Commissioner has responded in opposition (Doc. No. 28). Having considered the matter *de novo* as required by Federal Rule of Civil Procedure 72(b), the Court agrees with the recommended disposition and will overrule Shelton's objections.

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (See Doc. No. 26 at 2-4, 9-13, 17-18.) In short, Shelton filed an application for Title II Disability Insurance Benefits ("DIB") and for Title XVI Supplemental Security Income, claiming she had been disabled and unable to work since December 18, 2012 because of depression, post-traumatic stress disorder, bipolar disorder, and

anxiety. (AR 103, 116, 342.[1]) Consulting examiner Dr. Terrence Leveck evaluated Shelton's symptoms on two separate occasions,[2] opining in 2013 that Shelton could "sit[,] . . . stand and walk for seven hours out of eight[,] . . . and carry 10 pounds occasionally" (AR 909), and opining in 2016 that "[s]he could lift and carry 5 pounds frequently and 10 pounds occasionally with limitation due to her back pain" (AR 1272). Dr. Leveck also issued a Medical Source Statement in 2016 indicating that Shelton could not reach overhead because of her neck, and that she could only occasionally engage in other reaching, pushing, or pulling activities because of her back. (AR 1274-75.)

The ALJ determined that Shelton has the residual functional capacity ("RFC") to perform light work, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). In reaching this conclusion, the ALJ gave Dr. Leveck's opinions "little weight" because (1) they were "overly restrictive when compared to the MRIs of [Shelton's] spine that showed only mild to moderate degenerative changes," (2) there was "little evidence to support Dr. Leveck's lifting and carrying limitations" because Shelton "had normal grip strength and normal strength in her upper and lower extremities during both of [Dr. Leveck's] physical exams," and (3) "during physical exams [by the Cookeville Wellness Clinic in] 2016 and 2017, [Shelton] had normal range of motion in her upper

---

[1] To be consistent with the R&R's citing conventions, the Court will cite to the certified administrative record (Doc. No. 15) as "AR" and will refer to all page numbers cited therein by the Bates stamp at the bottom right corner of each page.

[2] Shelton disagrees with the R&R's suggestion that record evidence about Shelton's physical condition after December 31, 2012 has little probative value to her DIB claim. (Doc. No. 26 at 13; Doc. No. 27 at 2-3.) However, this dispute is immaterial to the Court's analysis because the R&R later noted that "even assuming that [Dr. Leveck's 2013 opinion] sheds light on Shelton's health before December 31, 2012, and thus has some probative value for her DIB claim, the ALJ's analysis of this evidence is supported by substantial evidence." (Doc. No. 26 at 14.)

and lower extremities, and normal strength." (AR 21-23.) Based on Shelton's age, education, work experience, and RFC to perform light work, the ALJ found that Shelton could perform other substantial gainful employment and issued a written decision on March 5, 2018 denying benefits. (AR 14-25.)

Shelton's primary and overriding objection is that "[t]he ALJ failed to properly weigh the opinion of consulting examiner, Dr. Leveck," in formulating Shelton's RFC. (Doc. No. 27 at 1; AR 21.) Specifically, Shelton insists that the ALJ's RFC determination was not supported by substantial evidence because the ALJ did not explain why her normal grip strength and normal strength in her upper and lower extremities contradicted Dr. Leveck's lifting and carrying limitations. (Doc. No. 27 at 3-4.) Shelton also argues that the ALJ cherry-picked evidence from two Cookeville Wellness Clinic treatment notes to support a finding that she had normal range of motion and strength, but ignored evidence in those same treatment notes indicating that she suffered from tenderness and muscle spasms in multiple areas of her back. (Id. at 4-5.) Last, Shelton contends that the ALJ "wholly ignored" Dr. Leveck's opinion that she should never engage in overhead reaching due to her neck impairments and should engage in other reaching, pushing, and pulling activities only occasionally due to her back impairments. (Id. at 5.)

The critical question before the Court is whether the ALJ's RFC determination was supported by substantial evidence and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); see also Walters v. Comm'r of Social Sec., 127 F.3d 525, 528 (6th Cir. 1997). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficen[t] evidence' to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla . . . and means only

3

. . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison at 229). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Blakley v. Comm'r of Social Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

Upon *de novo* review of the record, as cabined by the "highly deferential" substantial evidence standard, Somberg *ex rel.* Somberg, 908 F.3d 162, 173 (6th Cir. 2018), the Court agrees with the ALJ's RFC determination and the Magistrate Judge's recommended affirmance. Shelton understandably points to evidence in the record about her neck and back pain to support her claim of disability, but "[m]erely marshaling evidence to suggest that [she] is disabled . . . is insufficient; to prevail on appeal, [Shelton] must demonstrate that the ALJ's determination that [she] was not disabled is not supported by substantial evidence." Peterson v. Comm'r of Soc. Sec., 552 F. App'x 533, 540 (6th Cir. 2014); see also Blakley, 581 F.3d at 406 ("The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."). Here, there was more than a mere scintilla of evidence that Shelton's normal grip and upper body strength would allow her to perform light work, even despite her alleged neck and back impairments. Specifically, the Magistrate Judge observed:

> ALJ Grissom further found that there was little evidence to support Dr. Leveck's lifting and carrying limitations because Shelton "had normal grip strength and normal strength in her upper and lower extremities during both of his physical exams." (AR 23.) Dr. Leveck's 2013 exam found that "[s]trength testing of [Shelton's] grips, wrists, and elbows was normal." (AR 908.) He also found that "[s]he was able to stand independently on both lower extremities and squat two-thirds of the way to the floor." (AR 909.) Shelton argues that the ALJ "conflate[d] [her] normal grip strength with her ability to carry and lift weight" (Doc. No. 19-1, PageID# 2820), but she has not cited any authority to support the proposition that normal grip, wrist, and elbow strength are unrelated to lifting ability for purposes of determining a claimant's RFC. Further, her argument that her lifting and carrying limitations "stem[] from her cervical pain with radiculopathy[,] as noted by Dr.

4

> Leveck[,]" is not supported by the record evidence. (Id.) Dr. Leveck did not diagnose Shelton with cervical spine issues in April 2013 and did not attribute her lifting limitations to cervical pain. Indeed, even in 2016, Dr. Leveck attributed Shelton's lifting limitations to her back and knee pain and attributed her separate overhead reaching limitations to her cervical pain.
>
> . . .
>
> [A]s explained above, Dr. Leveck attributed Shelton's severe reaching restrictions to her neck and back pain (AR 1274), and the record shows that ALJ Grissom considered MRIs of Shelton's neck and back from 2012 and 2017 to show only mild to moderate degenerative changes that did not warrant Dr. Leveck's limitations (AR 19, 22, 23). These findings support ALJ Grissom's determination that Shelton could perform light work. See Downs, 634 F. App'x at 553; Duncan, 801 F.2d at 853–54. Contrary to Shelton's arguments, ALJ Grissom therefore provided a "'logical bridge between the evidence and the conclusion that [Shelton] is not disabled.'" Gilliam v. Astrue, No. 2:10-CV017, 2010 WL 2837260, at *3 (E.D. Tenn. July 19, 2010) (quoting Craft v. Astrue, 539 F.3d 668, 673 (7th Cir. 2008)). While Shelton points to other record evidence documenting tenderness in her cervical spine (Doc. No. 24), ALJ Grissom considered that evidence (AR 20) and, even if the evidence is considered to be substantial, it is insufficient on its own to warrant reversal.

(Doc. No. 26 at 15.) The Court agrees with the ALJ's conclusion for the reasons cogently articulated in the R&R.

Ideally, the ALJ would have explicitly articulated why Shelton's normal grip and upper body strength would allow her to perform light work, particularly considering Shelton's potential neck and back pain and the reaching limitations identified in Dr. Leveck's Medical Source Statement. But "it is well settled that . . . '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party[,] . . . so long as his factual findings as a whole show that he implicitly resolved such conflicts.'" Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting Loral Defense Systems-Akron v. NLRB, 200 F.3d 436, 453 (6th Cir. 1999)). By giving great weight to Shelton's MRI showing only mild degenerative changes in her spine, as well as the medical expert opinions that were consistent with those MRIs, the ALJ implicitly resolved the conflict between Shelton's neck

5

and back pain and her ability to perform light work. And as the R&R notes, "Shelton has not pointed to any other evidence in the relevant period that is inconsistent with these MRI findings or would otherwise support greater functional limitations than those set by ALJ Grissom's adopted RFC." (Doc. No. 26 at 14.) Moreover, the ALJ neither misstated nor ignored Dr. Leveck's opinions or the Cookeville Wellness Clinic treatment notes; he instead based his RFC determination on Shelton's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [not being] entirely consistent with the medical evidence and other evidence in the record. . . ." (AR 22.) Thus, the Court finds that the ALJ's RFC determination was supported by substantial evidence.

Shelton's next objection is that the ALJ failed to properly explain why he chose not to adopt portions of Dr. Lotfis' opinion after affording it some weight. (Doc. No. 27 at 6.) In support of this objection, Shelton merely "reasserts and relies upon the arguments set forth in her Memorandum of Law in Support of a Motion for Judgment on the Administrative Record." (Id.) Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Thus, Shelton's objection is improper to the extent it reflects her general disagreement with the R&R. See J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver

v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)) ("[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

For the foregoing reasons, the Court orders as follows:

1. The R&R (Doc. No. 26) is **APPROVED AND ADOPTED**;

2. Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 19) is **DENIED**; and

3. The Commissioner's decision denying benefits is **AFFIRMED**.

The Clerk of the Court shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE